IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| JENNIFER LYNN DELACRUZ, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> KHADER MOHAMED ABDINOUR and ) <br> GOLDEN TOUCH LOGISTICS, LLC, ) <br> ) <br> Defendants. ) <br> ) | C/A No.: 2:25-cv-04214-RMG <br><br><br> **COMPLAINT** |

Plaintiff complains of Defendants as follows:

## PARTIES

1. Plaintiff is a citizen and resident of Dorchester County, South Carolina.

2. Upon information and belief, Defendant Khader Mohamed Abdinour ("Abdinour") is a citizen of the State of Minnesota.

3. Upon information and belief, Defendant Golden Touch Logistics, LLC ("Golden Touch") is a limited liability company organized under the laws of the State of Ohio.

4. Upon information and belief, Golden Touch's principal place of business is in the State of Ohio.

5. Upon information and belief, none of Golden Touch's members are citizens of the State of South Carolina.

6. At all times relevant herein, Abdinour was an employee and/or agent of Golden Touch and was acting within the course and scope of his employment and/or agency.

## JURISDICTION

7. There is complete diversity of citizenship between Plaintiff and Defendants.

8. Plaintiff claims damages in excess of $75,000.00.

9. The Court has federal diversity of citizenship jurisdiction over this matter.

10. Golden Touch operates an interstate trucking business pursuant to authority granted by the United States Department of Transportation.

11. Golden Touch operates its trucks in the State of South Carolina.

12. The collision that is the basis for this action occurred in the State of South Carolina; therefore, the Court has personal jurisdiction over Defendants pursuant to S.C. CODE ANN. § 36-2-803(A)(3) (1976, as amended).

## THE COLLISION

13. On May 2, 2024, at approximately 12:15 p.m., Plaintiff was driving a motor vehicle owned by Daniel Charles Kern westbound in the innermost, left lane of Interstate Highway 26 ("I-26") near Newberry, South Carolina.

14. At the date, time, and location referenced above, Abdinour was the owner and operator of a tractor hauling a trailer westbound in the outermost, right lane of I-26 near Newberry, South Carolina, near the vehicle Plaintiff was driving.

15. Abdinour was operating the tractor-trailer under dispatch from Golden Touch.

16. Abdinour was operating the tractor-trailer pursuant to a lease with Golden Touch.

17. Abdinour was operating the tractor-trailer with Golden Touch's permission.

18. Abdinour was operating the tractor-trailer displaying the authority of Golden Touch.

19. Abdinour was hauling cargo pursuant to Golden Touch's trucking business.

20. At the date, time, and location referenced above, Abdinour unlawfully, suddenly, and without warning drove his tractor-trailer into the innermost lane of I-26, where Plaintiff's

vehicle was traveling, and thereby drove his vehicle into and collided with Plaintiff's vehicle (the "Collision").

21. The Collision was directly and proximately caused by Abdinour's carelessness, negligence, negligence *per se*, recklessness, and gross negligence in one or more of the following particulars:

    a. In failing to maintain a proper lookout;

    b. In failing to keep his vehicle under proper control;

    c. In failing to slow and to stop his vehicle properly;

    d. In failing to yield the right-of-way to Plaintiff's vehicle;

    e. In failing to operate his vehicle on the roadways of the State of South Carolina in accordance with the common and statutory laws of same;

    f. In operating a motor vehicle with a reckless disregard for the rights and safety of others, especially the rights and safety of Plaintiff;

    g. In failing to exercise that degree of care and caution which a reasonable and prudent driver would have exercised under the same or similar conditions;

    h. In violating S.C. CODE ANN. § 56-5-1900(a) (1976, as amended);

    i. In failing to take evasive action to avoid the collision; and

    j. In colliding with the Plaintiff's vehicle.

7. Following the Collision, Abdinour failed to stop his tractor-trailer as required by S.C. CODE ANN. § 56-5-1210(a) (1976, as amended) but instead left the scene of the Collision.

8. Plaintiff then called the South Carolina Highway Patrol and followed Abdinour's tractor-trailer until such time as law enforcement required Abdinour to stop.

9. As a direct and proximate result of the Collision, Plaintiff suffered personal injuries and damages.

10. Plaintiff is entitled to an award of actual damages against Abdinour.

- 4 -

11.    In addition, given the nature of Abdinour's conduct and his causative statutory violations, Plaintiff is entitled to an award of punitive damages against Abdinour in an appropriate amount.

12.    Golden Touch is vicariously liable for Abdinour's negligence, negligence *per se*, recklessness, and gross negligence in causing the Collision.

13.    Plaintiff is therefore also entitled to an award of actual and punitive damages against Golden Touch.

WHEREFORE, Plaintiff prays for judgment against Defendants for actual and punitive damages in such amount as the Court shall award, together with the costs of this action and any such other and further relief as this Court may deem to be just and proper.

CLAWSON FARGNOLI UTSEY, LLC
2 Amherst Street
Charleston, SC  29403
(843) 970-2700
bert@cfulaw.com

BY: */s/Bert G. Utsey, III*
     BERT G. UTSEY, III
     Fed. ID No.:  1045

May 15, 2025                        Attorneys for Plaintiff
Charleston, South Carolina