# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Jennifer Lynn Delacruz, | Civil Action No. 2:25-4214-RMG |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Khader Mohamed Abdinour and Golden Touch Logistics, LLC, | |
| Defendants. | |

**I.      Introduction**

Before the Court is Plaintiff's motion for default judgment (Dkt. No. 18). For the reasons set forth below, Plaintiff's motion is granted.

**II.     Background**

Plaintiff alleges Defendant Abdinour was operating a vehicle for Defendant Golden Touch Logistics, LLC's benefit and which collided with Plaintiff's vehicle, injuring Plaintiff.

Plaintiff served both Defendants. (Dkt. Nos. 5, 6). Neither Defendant answered the complaint, and the Clerk entered default against the Defendants. The Clerk entered a default against Abdinour on July 23, 2025, and Golden Touch on August 28, 2025. (Dkt. Nos. 9, 16).

Plaintiff's uninsured motorist insurer Southern Farm Bureau Casualty Insurance Company filed an answer to Plaintiff's complaint. (Dkt. No. 10). Plaintiff explains:

> Although Defendants have not appeared in or responded to this action, Plaintiff's uninsured motorist insurer, Southern Farm Bureau Casualty Insurance Company ("Farm Bureau"), has filed an Answer to Plaintiff's Complaint. (ECF No. 10). Farm Bureau's rights are separate and distinct from those of Defendants and may even be conflicting. . . . Because of this fact, and because Plaintiff believes there may be liability insurance coverage available to Defendants for Plaintiff's claims (an issue that Plaintiff cannot resolve without first obtaining a judgment), Plaintiff does not seek to bind Farm Bureau by the requested default judgment. Rather, the default

judgment sought by Plaintiff would be without prejudice to Plaintiff's or Farm Bureau's rights regarding the uninsured motorist claim.

If the Court enters a default judgment and Plaintiff thereafter determines that no liability insurance coverage applies to Defendants for the judgment, Plaintiff will ask the Court to rescind the judgment under Fed. R. Civ. P. 60(b) so that this action may proceed for purposes of Plaintiff's uninsured motorist claim against Farm Bureau. Plaintiff's counsel is advised that Farm Bureau does not oppose the present motion as long as any default judgment is subject to these conditions.

(Dkt. No. 18 at 1–2).

Southern Farm Bureau Casualty Insurance Company did not file a response in opposition to Plaintiff's motion for default judgment.

Plaintiff's motion is fully briefed and ripe for disposition.

### III. Legal Standard

Federal Rule of Civil Procedure 55(b) permits the Court to enter a default judgment upon motion by a party and to conduct a hearing to determine the amount of damages, if necessary. A Rule 55(b) Default Judgment is appropriate where the Court determines that "the well-pleaded allegations in the [ ] complaint support the relief sought in [the] action." *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). The defendant "is not held to admit facts that are not *well-pleaded* or to admit conclusions of law." *DIRECTV, Inc. v. Pernites*, 200 Fed. Appx. 257, 258 (4th Cir. 2006) (emphasis in original). Therefore, the "appropriate inquiry is whether or not the face of the pleadings supports the default judgment and the causes of action therein." *Anderson v. Fdn. for Advancement, Educ. & Empl't of Am. Indians*, 187 F.3d 628, 1999 WL 598860, at *1 (4th Cir. 1999) (unpublished opinion); *see also Ryan*, 253 F.3d at 780 ("The court must, therefore, determine whether the well-pleaded allegations in the [ ] complaint support the relief sought in [the] action."). In other words, "a defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment

entered." *DIRECTV, Inc.*, 200 Fed. Appx. at 258 (internal quotation marks omitted). The Court may conduct this analysis by putting the Complaint to the Rule 12(b)(6) standard. *See, e.g.*, *Commodity Futures Trading Comm'n v. Dupont*, No. 8:16-cv-02358-TMC, 2018 WL 3148532, at *5 (D.S.C. June 22, 2018).

### IV.   Discussion

Plaintiff's complaint and accompanying motion contain "well-pleaded allegations of fact" and proper claims such that Defendants admit the allegations in the complaint. The Court grants Plaintiff's motion for default judgment under the terms which Plaintiff noted in its motion. (Dkt. No. 18 at 1–2).

### IV.   Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for default judgment (Dkt. No. 18). The Court will schedule a hearing to resolve the damages question.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

October 16, 2025
Charleston, South Carolina